## Manis v. Goodlette.

February 11, 1947.

Roy Helm, Judge.

24

C. A. Noble for appellant.

Jesse Morgan for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

D. H. Goodlette instituted this action to enjoin Mrs. Manis from preventing his removal of certain fixtures which he had placed upon a lot rented from Mrs. Manis's former husband, W. R. Combs, and which he had used in the conduct of a used car business. He alleged he entered into a five year contract with Mr. Combs for the use of his lot at a rental of $25 per month in 1940; that he paid the rental to Mr. Combs until his death in 1942, and thereafter paid it to Mrs. Manis; that it was agreed he could remove the fixtures which cost some $3500; that Mrs. Manis refused to renew his lease; and that she had also refused to permit him to remove the fixtures. Mrs. Manis demurred to the petition on the ground that the contract came within the statute of frauds. This demurrer was overruled. In her answer and counterclaim she set forth, among other things, "* * * that the plaintiff did, at the time of entering into the contract with this defendant and W. R. Combs, as set out herein, say he would like to have the privilege of taking the small office building off at the end of the lease term, but neither this defendant nor her former husband agreed or consented for the plaintiff to remove said office building, and never did agree thereto, nor does this defendant now agree for the plaintiff to do so." She

sought also to collect damages for an alleged misuse of the lot. She made the further charge that there was a defect of parties because the lot belonged to her and the heirs of W. R. Combs, some of whom were infants, though none of them was named. Goodlette filed two amended petitions and denied the affirmative allegations in the answer and counterclaim. The only proof presented was that of Goodlette, which supported the allegations of his petition, and that of Dewey Daniels, who said that under an agreement with Mrs. Manis he and not Mr. Goodlette had used the lot for the purpose about which Mrs. Manis complained.

Objection was raised to Mr. Goodlette's testimony on the ground that he could not testify as to any transactions with the deceased, W. R. Combs, because of the provisions of Section 606 of the Civil Code of Practice. This objection was properly overruled because by her own pleadings Mrs. Manis admitted she was a party to the contract. The complaint as to the defect of parties is likewise without merit, because Mrs. Manis offered no proof in support of that contention, which Mr. Goodlette had denied.

Mrs. Manis was a party to the contract and accepted the benefits thereunder. It was fully executed and she can not now be heard to say that it ran afoul of the statute of frauds. 49 Am. Jur., Statute of Frauds, sections 550, 551; Pilcher v. Stadler, 276 Ky. 450, 124 S. W. 2d 475.

It is insisted that the appellant's motion for an issue out of chancery should have been sustained, but this we deem to be wholly without merit, since the action was purely an equitable one and was so brought. Furthermore, there would have been nothing to submit to a jury because of Mrs. Manis's failure to offer any proof.

The fixtures placed on the lot by Mr. Goodlette were trade fixtures. Schultz v. Seiler Motor Car Co., 243 Ky. 459, 48 S. W. 2d 1068. In that case which involved the same type of fixtures it was said that, in the absence of an agreement as to the removal of the fixtures, the lessee would be permitted to remove them because of the fact that they fell within the classification of trade fixtures. Thus it can be said that Mr. Goodlette would have had the right to remove the fixtures even in the absence

of any agreement to that effect. But, as we have noted, he alleged and testified that it was specifically agreed that he could remove the fixtures at the end of the lease period. While Mrs. Manis denied that there was such an agreement, she failed to offer any proof to that effect, but, even if she had, the chancellor would have been warranted in finding in favor of Mr. Goodlette because there would have been only a conflict in the evidence.

Judgment affirmed.